IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROY TODD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-cv-223 |
| | § | |
| ALCATEL USA RESOURCES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT OR ORDER**

Before the court are "Plaintiff Roy Todd's Motion for New Trial, or in the Alternative, Motion for Relief from Judgment or Order and Brief in Support" (de # 52), "Defendant Alcatel USA Resources, Inc.'s Opposition to Plaintiff's Motion for New Trial, or in the Alternative, Motion for Relief from Judgment or Order" (de # 53), and "Plaintiff's Reply to Defendant Alcatel USA Resources, Inc.'s Opposition to Plaintiff's Motion for New Trial, or in the Alternative, Motion for Relief from Judgment or Order and Brief in Support" (de # 54). Having considered the Motion and the briefing responsive thereto, the court is of the opinion that the Motion should be DENIED.

Plaintiff Roy Todd moves the court to grant a new trial pursuant to Rule 59(a) or, in the alternative, to alter or amend its Order granting Defendant Alcatel USA Resources, Inc.'s Motion for Summary Judgment ("Order") pursuant to Rule 60(b)(2). On April 13, 2007, the court signed an order granting Acatel's Motion for Summary Judgment as to Todd's claims under the Age Discrimination in Employment Act ("ADEA"). Though that order reviewed the background of this dispute in detail, a brief recount of that history is warranted here.

Todd began working for Alcatel in 1994 as a Price Proposal Analyst IV in the Contracts

Group.  Order 2.  Todd was elevated to the position of Contracts Manager in 2002.  *Id*.  As a result of challenging economic conditions, Alcatel reduced its workforce, increasing the responsibilities of those who remained onboard.  *Id*.  In addition to struggling with his expanded duties, Todd did not get along particularly well with the new management team hired in the wake of Alcatel's restructuring.  *Id*.  Whereas Todd attributed his performance issues to being overworked, his new supervisors felt that Todd was unable to tailor his performance to their new vision as to how the group should be run.  *Id*. at 2-3.  Todd was terminated on April 23, 2004.  *Id*. at 3.  Todd claims that his firing came as a result of impermissible age discrimination.  *Id*.  Alcatel cited poor job performance as its reason for letting go of Todd.  *Id*.

As evidence in support of his claim, Todd cited his personal belief that Alcatel saddled its older employees in the Contracts Group with an unreasonable workload so that either they would resign or their productivity would suffer giving Alcatel the impetus to fire them.  *Id*.  Todd also argued that he was harassed by management because of his age and that a solicitation for his position was posted before he was terminated, indicating the purported scheme to rid the company of Todd and the older employees.  *Id*. at 4.  This court found that, while he successfully put forth a *prima facie* case of age discrimination, Todd was unable to rebut as pretext Alcatel's proffered justification for terminating him.  *Id*. at 8-14.  The court also granted summary judgment as to Todd's retaliation claim under the ADEA.  *Id*. at 14-15.  Todd's Motion does not address that claim, so the court will only consider the Motion with respect to the age discrimination claim briefed by the parties.

As a preliminary matter, the court will construe Todd's Rule 59(a) Motion for New Trial as a Rule 59(e) motion to alter or amend judgment.  Of course, when summary judgment has been granted as to a claim, the claim does not proceed to a formal trial, making a "new trial" a logical

fallacy. *St. Paul Mercury Ins. Co v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A successful motion to alter or amend judgment "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Reconsideration of a final judgment is "an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 469 (5th Cir. 2004).

Todd seeks amendment of the court's Order of April 13 based on new evidence. Specifically, Todd points the court to the deposition testimony of Thomas Calhoun. However, Calhoun's testimony was available to Todd when the court considered and ruled upon Alcatel's Motion for Summary Judgment in April of 2007. Therefore, Todd has failed to exercise due diligence in presenting Calhoun's deposition. Moreover, Calhoun's testimony fails to create a genuine issue of material fact showing that Alcatel's stated reasons for terminating Todd were false. Alcatel argues that the testimony is irrelevant, and thus inadmissible. (Def.'s Resp. 5.) Because the admissibility issue is immaterial, the court will assume that Calhoun's testimony is admissible.

Calhoun worked at Alcatel in the Contracts Group from 2000-2002. As with Todd, he did not function well with the new management, experiencing many of the same frustrations that Todd did. Calhoun stated numerous times in his deposition that he never felt that Alcatel discriminated against him because of his age. He attributed the tension between management and some workers in the Contracts Group to differences in philosophy and style. Calhoun did testify that he thought management wanted new people in the group with less experience who would be easier to mold. Todd points to this statement as evidence of a scheme to discriminate against older employees.

However, assuming that Calhoun's impressions accurately reflected Alcatel's agenda, this statement merely indicates a desire to bring in workers with less experience so that their work habits could be more easily crafted to fit the changing direction of the Contracts Group.  This reading of the testimony is informed by Calhoun's repeated assertions that he discerned no age-based discrimination against the employees.

Moreover, assuming that the new evidence could somehow be construed in favor of Todd's position, it would lack probative value.  *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991) (concluding that the subjective opinion of a coworker has "little value" and can not be the basis for judicial relief).  Thus, even assuming that the Calhoun deposition is admissible and that it could be construed in favor of Todd, it certainly would not alter the blend of evidence in the summary judgment record so as to disturb the Order of April 13, 2007.

Todd also moves the court for relief from the Order based on new evidence.  FED R. CIV. P. 60(b)(2).  To succeed under Rule 60(b)(2), Todd "must demonstrate: (1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."  *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI Worldcom*, 340 F.3d 238, 257 (5th Cir. 2003)).  Todd's Motion fails on this ground for same reasons it fails under Rule 59(e).  The new evidence, as discussed above, simply would not have produced a different result.  In addition, Todd failed to exercise due diligence in presenting Calhoun's deposition testimony.

For the foregoing reasons, the court is of the opinion that "Plaintiff Roy Todd's Motion for New Trial, or in the Alternative, Motion for Relief from Judgment or Order" should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 19th day of March, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE